[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12291
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-00052-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY HYMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 13, 2017)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Larry Hyman appeals from his conviction under 18 U.S.C. §§ 641 and 371 for conspiracy to embezzle government property, specifically, social security benefits intended for William Burroughs.  Burroughs passed away in 2005 but the Social Security Administration (SSA) continued to deposit benefits into a bank account Burroughs and Hyman held jointly until 2014.  On appeal, Hyman argues the trial court erred when it admitted co-defendant Gussie Scott's telephone calls as the statements of a co-conspirator because the Government had not introduced any evidence showing that at the time of the statements, Scott and Hyman were engaged in a conspiracy to defraud the SSA, or that the statements were made in furtherance of that conspiracy.  After review,[1] we affirm.

## I. DISCUSSION

The district court did not err in admitting the statements that Scott made to the SSA as those of a co-conspirator under Fed. R. Evid. 801(d)(2)(E) based on the evidence before it.  *See United States v. Matthews*, 431 F.3d 1296, 1308 (11th Cir. 2005) ("[W]hen the preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence." (quotation omitted)).  While there was no direct evidence of an agreement between Hyman and Scott, there was sufficient circumstantial evidence of a conspiracy to

---

[1] We review the admission of evidence for abuse of discretion, and review the district court's factual findings underlying such admissions for clear error. *United States v. Matthews*, 431 F.3d 1296, 1308 (11th Cir. 2005).

support the court's conclusion that the statements Scott made to the SSA were in furtherance of a conspiracy with Hyman to obtain social security benefits to which they were not entitled. *See United States v. Christopher*, 923 F.2d 1545, 1549–50 (11th Cir. 1991) (stating that, in determining whether to admit co-conspirator statements, a court must determine "whether (1) a conspiracy existed, (2) that the declarant and the defendant against whom the statement is offered were members of the conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy"). Specifically, prior to admitting the testimony recounting Scott's statements to the SSA, the court listened to Hyman's voluntary interview with an SSA agent, in which he described his close association with Scott, stating that they had been a couple for many years and ran a business together. *See United States v. Thomas*, 8 F.3d 1552, 1556 (11th Cir. 1993) ("Proof of association with the conspirators is one factor that can be considered as evidence of a defendant's participation in a conspiracy."). Scott's pseudonymous phone call to the SSA was itself circumstantial evidence of the conspiracy; by pretending to be Burroughs's niece and telling the agent that Burroughs would call back later, implying that he was still alive, Scott's statements indicated she was a part of the ongoing conspiracy to embezzle. *See United States v. Byrom*, 910 F.2d 725, 735–36 (11th Cir. 1990) (in determining whether to admit statements of a co-conspirator, the court may rely on information provided by the co-conspirator's

proffered statement). Moreover, the SSA agent testified that the call from Burroughs's fictional niece came from Scott's phone number, suggesting that it was in fact Scott who called. Hyman confirmed Scott's lies to the SSA in his interview, and told the interviewer that he continued to withdraw money from Burroughs's Bank of America account after Scott's phone call. It was not an abuse of discretion for the court to conclude that Scott and Hyman had conspired to receive Burroughs's social security benefits after his death, and that Scott's telephone statements to the SSA were admissible because they were made in furtherance of that conspiracy. *See Christopher*, 923 F.2d at 1549–50; *United States v. Santiago*, 837 F.2d 1545, 1549 (11th Cir. 1998) ("This court applies a liberal standard in determining whether a statement is made in furtherance of a conspiracy.").

## II. CONCLUSION

For the reasons stated above, we affirm Hyman's conviction.

**AFFIRMED.**